[Civ. No. 5384. Second Appellate District, Division One.—November 17, 1928.]

ROBERT T. BAILEY, Respondent, v. DAVID J. JAMES, Appellant.

Horace E. Vedder for Appellant.

J. Vincent Hannon and T. G. Dalton for Respondent.

HOUSER, J.— The salient facts affecting this appeal were that defendant, who was the owner of certain real property, employed plaintiff and his assignor as agents to negotiate an exchange thereof. Thereafter, through the efforts of plaintiff and his assignor, and in pursuance of such employment, an agreement was entered into between defendant and a Mrs. Robertson by which defendant agreed to exchange his real property for certain real properties or interests therein of which Mrs. Robertson was the owner, and she agreed to exchange her several properties for that owned by the defendant. In the same agreement defendant agreed to pay to plaintiff and his assignor the sum of one thousand dollars as a commission for effecting such exchange. Following the usual custom in such matters, the respective parties then placed the matter in escrow with a title company, with appropriate instructions with reference thereto. Four or five days thereafter, on account of some misunderstanding on her part with reference to the assignability of a lease which existed on the property belonging to defendant, Mrs. Robertson announced to plaintiff and defendant that she "could not go through with the deal"; to which remark defendant responded that he "didn't care very much for the deal, and it is all right." At the same time he orally agreed that he would "release her (Mrs. Robertson's) lots," the interest in which theretofore had been assigned to him, but which he thereafter failed to do. Within a period of three or four days following the above-mentioned circumstance, defendant made the statement to plaintiff: "Mr. Bailey (plaintiff), I want that deal; I believe it is a good deal; I believe Mrs. Robertson might go ahead with it." Thereupon plaintiff again approached Mrs. Robertson with reference to the proposed exchange and obtained her consent "to go ahead with the deal." By this time, however, several

weeks had elapsed since the original agreement to exchange the respective properties of the interested parties was effected. After many excuses and evasions on the part of defendant, he finally refused to complete the transaction. However, the original escrow was never canceled, nor did defendant ever "release," or reassign, to Mrs. Robertson the interests in the several properties which she had transferred to him when the escrow was initiated. Approximately three weeks after defendant's refusal to complete the exchange, he personally reopened negotiations with Mrs. Robertson respecting an exchange of their respective properties, with the result that the transaction was finally completed. With reference thereto, Mrs. Robertson testified that at the time the exchange was actually made, in substance the terms of the first agreement were practically identical with those of the second. She further testified that, as a matter of fact, in the course of adjusting details concerning payments on properties covered by trust deeds, etc., "Mr. James did get two or three hundred dollars the best of me; but I was alone and excited and didn't notice that." It further appears from the evidence that the second agreement to exchange the properties was the culmination of the avowed plan on the part of defendant to avoid the payment of any commission to plaintiff and his assignor. After the completion of the transaction, defendant refused to pay any commission to plaintiff and his assignor. An action instituted by plaintiff resulted in a judgment in his favor, from which defendant appeals.

On the ground that the evidence was insufficient, appellant specifies error as to each of several findings of fact made by the trial court. Although no special argument has been presented by appellant with reference thereto, after an examination of the record herein, it satisfactorily appears that the evidence is ample to support each of the findings of fact to which attention has been directed. However, the main point made by appellant is that (as claimed by him) it appeared that the original exchange agreement was abandoned and that therefore no liability was incurred by defendant in his subsequent act which resulted in the exchange being thereafter consummated. Although some general authorities are cited in support of the principle for which appellant contends, this court is of the opinion that in circum-

stances such as are here presented, in conformity with the rule as announced in the analogous case of *Dunne* v. *Colomb*, 192 Cal. 742, 747 [221 Pac. 912], the liability of defendant is absolute.

Appellant complains that the trial court erred in striking out certain testimony given by defendant on the trial of the action. As it clearly appears that the evidence to which appellant refers was hearsay, no error was committed by the trial court in that regard.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.